**Mark J. FERGUSON, doing business as Whew.com, Plaintiff–Appellant,**

v.

**ACTIVE RESPONSE GROUP, a New York company, Defendant**

---

**Quinstreet, Inc., a California corporation, Defendant–Appellee.**

No. 08–35709.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2009.*

Filed Oct. 8, 2009.

---

Douglas E. McKinley, Jr., Law Office of Douglas E. McKinley Jr., Richland, WA, Robert J. Siegel, I. Justice Law, PC, Seattle, WA, for Plaintiff–Appellant.

Stephan A. Barber, Esquire, Daniel McKinnon, Ropers Majeski Kohn & Bentley, PC, San Jose, CA, Todd R. Sorensen,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esquire, John Alan Knox, Williams Kastner & Gibbs, PLLC, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

## MEMORANDUM **

Plaintiff Mark J. Ferguson appeals the district court's grant of partial summary judgment in favor of Defendant Quinstreet, Inc. We have jurisdiction under 28 U.S.C. § 1291. We review the summary judgment decision de novo, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009), and we affirm.

Ferguson lacks standing to pursue his claim under the CAN–SPAM Act, codified at 15 U.S.C. § 7701 *et seq. See Gordon*, 575 F.3d at 1048–57 (holding that a plaintiff who merely provided e-mail accounts and hosted a website on leased server space did not have standing under CAN–SPAM). In addition, the district court correctly concluded that Ferguson's state law claims under Wash. Rev.Code § 19.190.010 *et seq.* and Wash. Rev.Code § 19.86.010 *et seq.* are preempted by CAN–SPAM. *See Gordon*, 575 F.3d at 1057–66.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.